IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEVIN DARRELL NEIGHBORS,<br>TDCJ-CID No. 02336519,<br><br>Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:26-CV-42-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS COMPLAINT**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Tevin Darrell Neighbors ("Neighbors"). (ECF 3). As detailed herein, the petition should be summarily DISMISSED WITHOUT PREJUDICE for want of jurisdiction.[1]

## I. BACKGROUND

Neighbors, a prisoner in the Clements Unit of the Texas Department of Criminal Justice, files this petition for writ of habeas corpus, alleging that Clements Unit guards harassed him into becoming hostile and violent, thereby giving them a reason to house him in administrative segregation, confiscate his property, and use excessive force on him. (ECF 3 at 5, 7). He also claims that his procedural due process rights were violated regarding punishments, administrative transfers and housing while imprisoned in the Clements Unit. (*Id*. at 8).

Currently pending before this Court is a civil rights action brought by Neighbors, in which

---

[1]A habeas corpus petition under 28 U.S.C. § 2254 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases ("If it plainly appears from the petition … that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

he alleges essentially the same claims. *See* Case No. 25-cv-97-Z-BR. In addition, he again brought these claims in Case No. 25-CV-267-Z-BR, which he filed as another Section 2254 habeas corpus action. The case is currently pending.[2]

## II. LEGAL ANALYSIS

A petitioner may seek habeas relief under 28 U.S.C. § 2254 if he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). It is well established, however, that habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and that civil rights actions typically are used to attack conditions of confinement. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.").

Thus, where a prisoner challenges the conditions of his confinement or prison procedures, the proper vehicle is a civil rights action if a determination in the prisoner's favor would not automatically result in his accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997); *see also Poree v. Collins*, 866 F.3d 235, 243-44 (5th Cir. 2017) (summarizing general Fifth Circuit principles and noting circuit split as to whether conditions of confinement claims can be brought in habeas petitions); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979) (noting the proper remedy for unconstitutional conditions of confinement should be equitable: to correct the unlawful practices that make the conditions intolerable). Based on the foregoing precedent, the United States Court of Appeals for the Fifth Circuit found no jurisdiction in the habeas context to

---

[2]Neighbors has a fourth case pending, a Section 2254 petition in Case No. 26-CV-41-Z-BR. He originally filed the case in the Western District of Texas, but that court transferred the case here as the jurisdiction in which Neighbors's conviction occurred.

consider claims stemming from adverse conditions of confinement. *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (declining to extend federal habeas jurisprudence to conditions of confinement claims). In so holding, the Court reiterated that "the Great Writ does not, in [the Fifth Circuit], afford release for prisoners held in state custody due to adverse conditions of confinement." *Id.*

In this case, Neighbors' conditions of confinement claims are unrelated to the cause or duration of his detention. Indeed, his allegations, even if true, would not entitle him to earlier or speedier release. Thus, Neighbors's claims are more appropriately addressed in a civil rights action. *See Reynoso v. Reeves Country Det. Ctr.*, 2:22-CV-00108, 2022 WL 18215908 (S.D. Tex. Dec. 8, 2022) (Eighth Amendment violations and being unconstitutionally held in segregation are civil rights claims and the proper vehicle is a civil rights suit) (citing *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020).

The Court concludes that it lacks jurisdiction over this habeas petition as Neighbors challenges only the conditions of his confinement. Accordingly, this case should be dismissed.

## III. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Complaint filed by Tevin Darrell Neighbors (ECF 3) be DISMISSED without prejudice.

## IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 10, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).